UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT McKREITH,<br><br>Petitioner,<br><br>v.<br><br>STEVEN LAKE, et al.,<br><br>Respondent. | No. 1:19-cv-00365-SKO (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND**<br><br>**(Doc. 1)** |

Petitioner, Wilbert McKreith, is federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 1651. Petitioner is challenging the authority of the Federal Bureau of Prisons ("BOP") to deduct funds from his prison account to pay the restitution imposed at the time of his sentencing.

I. **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no

tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Petitioner Asserts a Claim Pursuant to § 2241

Petitioner challenges BOP's policy of withdrawing funds from his prison account to satisfy his restitution orders. Petitioner specifically states that he has not filed a petition pursuant to 28 U.S.C. §§ 2241 or 2255, because "those remedies are inadequate and ineffective to test the legality of the judgment challenged," as he is challenging restitution. (Doc. 1 at 2.)

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence using a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner does in this case. *Tripati*, 843 F.2d at 1162.

A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody. *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). A motion under 28 U.S.C. § 2255, however, is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens*, 464 F.3d at 897. Restrictions on the availability of a § 2255 motion cannot be avoided by filing a petition under 28 U.S.C. § 2241. *Id.*

Here, Petitioner is challenging the manner in which the order of restitution and payment is being executed by the BOP. Therefore, Petitioner appears to be challenging the manner, location, or conditions of his sentence, and proceeding under § 2241 would be appropriate. The Clerk's Office will provide Petitioner with a § 2241 form. If Petitioner chooses to amend his petition, he

shall notify the Court whether he would like to proceed pursuant to § 2241. Filing the amended petition on a § 2241 form will satisfy this notice requirement.

### III. Petitioner Fails to Name the Proper Respondent

Petitioner names four Respondents in this case: (1) Steven Lake, Warden at USP Atwater; (2) M. Schwartz, case manager at USP Atwater; (3) K. Officer, counselor at USP Atwater; and (4) D.E. Tyson, unit manager at USP Atwater. The proper respondent for a habeas petition under 28 U.S.C. § 2241 is the petitioner's warden, because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

### IV. Conclusion and Order

The Court hereby ORDERS:

1. The petition for writ of habeas corpus shall be dismissed with leave to amend.
2. The Clerk's Office shall send Petitioner a copy of this order and a form for a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody.
3. Within thirty (30) days of service of this order, Petitioner may file an amended petition.
4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **April 10, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE