# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBERT MCKREITH, | Case No.: 1:19-cv-00365-SKO (HC) |
| Petitioner, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| STEVEN LAKE, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 3, 2019, the Court issued an order denying the petition. (Doc. 12.) Judgment was entered the same date. (Doc. 13.) Pending before the Court is Petitioner's motion for reconsideration, filed on September 16, 2019.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year

after the judgment, order, or proceeding was entered or taken." Id. Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, petitioner fails to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, he has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Petitioner contends that the Court erred in stating that the sentencing court established the schedule of payments, and not the Bureau of Prisons ("BOP"). As noted in the Court's order, Petitioner is incorrect. The Florida District Court in fact imposed the following repayment schedule in the criminal judgment as follows:

> During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) *if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order*.
>
> Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice.

(Doc. 9-1 at 13) (emphasis added).

Petitioner points to a printout which he alleges shows that he is being subjected to an unlawful repayment schedule. (Doc. 14 at 2.) Immediately below this entry, however, there is a notation that

2

he "refused" the agreement. (Doc. 9-1 at 10.) The exhibits further show that Petitioner refused to participate in the IFRP on June 4, 2018. (Doc. 9-1 at 12.) As such, he is currently on "refused" status, and restitution payments are not being assessed from his trust account. Petitioner does not state he is being sanctioned in any other manner for non-participation. Thus, he fails to state a claim for relief. Regardless, the BOP is well within its authority to set up a repayment plan under the IFRP according to the court-imposed repayment schedule. See United States v. Lemoine, 546 F.3d 1042, 1046 (9th Cir. 2008). To the extent Petitioner wishes to be removed from "refused" status, according to the BOP's directives, Petitioner must "contact his unit team for assistance with establishing a new financial plan or provide staff with an Order [from] the Court, District of Southern Florida, stating [his] restitution is deferred." (Doc. 9-1 at 4.)

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 14) is DENIED.

IT IS SO ORDERED.

Dated: **October 24, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE